IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISLAMIC ASSOCIATION OF DESOTO, TEXAS, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:12-CV-0613-D |
| VS. | § § | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR ACCREDITED HOME LENDERS INC., et al., | § § § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the posting of plaintiff's property for foreclosure,

defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on

which relief can be granted.  For the reasons that follow, the court grants defendants' motion

and allows plaintiff to replead.

I

This is a suit by plaintiff Islamic Association of DeSoto Texas Inc. ("Islamic") against

defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as

nominee for Accredited Home Lenders Inc., and Ace Securities Corp. Home Equity Loan

Trust ("Ace").  Islamic alleges claims under the Texas Property Code, the Texas Business

and Commerce Code, and the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin.

Code Ann. § 392.001 *et seq.* (West 2006), and it seeks a declaratory judgment, a temporary

restraining order, and other relief.

According to Islamic's state-court petition,[1] in August 2003 Islamic purchased real property located in DeSoto, Texas.[2]  In connection with the purchase, Islamic signed a promissory note and deed of trust.  In May 2006 MERS allegedly assigned the note and deed of trust to HSBC Bank, USA, N.A. ("HSBC") "as Trustee on behalf of [Ace]."  Pet. ¶ 11. Islamic alleges that it is highly likely that the May 2006 assignment is fraudulent on its face. It also alleges that the September 2011 appointment of a substitute trustee is likely fraudulent and/or forged.

A substitute trustee's sale of Islamic's property was scheduled for February 2012. Just days before the sale, Islamic filed this suit in state court seeking a temporary restraining order to prevent the sale.  It argued that defendants are not the actual holders of the wet-ink original note and are not the duly appointed representatives for the current actual holder of the wet-ink original note and therefore lacked authority to foreclose on the property and collect on the alleged debt.  Islamic also sought a declaratory judgment requiring defendants to produce "the one and only wet-ink Original Promissory Note allegedly signed by the

---

[1]In deciding defendants' Rule 12(b)(6) motion, the court construes Islamic's state-court petition in the light most favorable to Islamic, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Islamic's favor.  *See*, *e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

[2]As noted, *see supra* note 1, the court must accept all well-pleaded factual allegations as true.  Consequently, the court assumes that Islamic purchased the property and executed the promissory note and deed of trust even though there are indications in the record that Mikail Muhammad did so before assigning his interest to Islamic.

Plaintiff."  *Id.* at ¶ 22.

Defendants removed the case to federal court and MERS and HSBC[3] now move to

dismiss under Rule 12(b)(6).  Plaintiff opposes the motion.

II

In deciding defendants' Rule 12(b)(6) motion, the court evaluates the sufficiency of

Islamic's state-court petition by "accept[ing] all well- pleaded facts as true, viewing them in

the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d

464, 467 (5th Cir. 2004)) (internal quotation marks omitted).  To survive defendants' motion,

Islamic must plead enough facts "to state a claim to relief that is plausible on its face."  *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S.

at 555 ("Factual allegations must be enough to raise a right to relief above the speculative

---

[3]In the motion, defendants maintain that Islamic incorrectly named "Ace Securities
Corporation Home Equity Loan Trust" as a defendant.  D. Mot. Dis. 1 n.1.  They contend that
"HSBC Bank U.S.A., N.A., as Trustee on Behalf of Ace Securities Corporation Home Equity
Loan Trust, Series 2005-SD2, Asset-Backed Pass-Through Certificates, is appearing in its
correct capacity herein and is defending all claims against 'Ace Securities Corporation Home
Equity Loan Trust.'"  *Id.*  Although Islamic opposes defendants' motion to dismiss, it does
not question HSBC's position as a moving party or Ace's absence as a movant.

level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

Defendants maintain that Islamic's claims for violations of the Texas Property Code, the Texas Business and Commerce Code, and the TDCPA are based on allegations that are insufficient to state a claim on which relief can be granted.

A

Defendants first challenge Islamic's assertion that they violated Texas law by "fail[ing] to give proper notice because all transfers of the lien were not recorded timely as required by Texas Law prior to the acceleration and collection action on the Note." Pet. ¶ 14. This allegation is insufficient to plead a plausible claim because "'Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments.'" *Cervantes v. U.S. Bank, Nat'l Ass'n*, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012) (Fitzwater, C.J.) (quoting *Broyles v.*

*Chase Home Fin.*, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (Fish, J)).

Additionally, "[t]he ability to foreclose on a deed of trust is transferred when the note is

transferred, not when an assignment of deed of trust is either prepared or recorded." *Lusk*

*v. Wells Fargo Bank, Nat'l Ass'n*, 2012 WL 1836342, at *4 (E.D. Tex. May 21, 2012) (citing

*J.W.D., Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329-30 (Tex. App. 1991, no writ)).

Accordingly, there was no requirement that either MERS or Ace have recorded an

assignment of the note and deed of trust to HSBC before the substitute trustee's foreclosure

sale could be conducted.  Islamic has failed to state a plausible claim on this basis.

B

Defendants next challenge Islamic's allegation that because defendants have failed

to provide Islamic with evidence of the original "wet-ink" note, they were not authorized to

collect on the note or conduct a foreclosure of plaintiff's property.  Islamic asserts that

defendants have violated state law by attempting nevertheless to collect on the note.

Islamic is relying in this respect on a legal theory known colloquially as the

"show-me-the-note" theory.  "This theory supposes . . . 'that only the holder of the original

wet-ink signature note has the lawful power to initiate a non judicial foreclosure.'" *Puig v.*

*Citibank, N.A.*, 2012 WL 1835721, at *5 (N.D. Tex. May 21, 2012) (Lindsay, J.) (quoting

*Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26,

2011)).  "Courts in this and neighboring districts have 'roundly rejected this theory . . .

because foreclosure statutes simply do not require possession or production of the original

note.'"  *Id*. (quoting *Wells*, 2011 WL 2163987, at *2); *see also Cervantes*, 2012 WL

1605558, at *3; *Broyles*, 2011 WL 1428904, at *3; *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *2 (N.D. Tex. May 27, 2011) (Kaplan, J.).

To the extent Islamic challenges the assignment of the note and deed of trust to Ace, "[c]ourts in this circuit have repeatedly held that borrowers do not have standing to challenge the assignment of their mortgages because they are not parties to those assignments." *Garrett v. HSBC Bank USA, N.A.*, 2012 WL 1658796, at *2 (N.D. Tex. May 11, 2012) (Fitzwater, C.J.) (citing *Woods v. Bank of Am., N.A.*, 2012 WL 1344343, at *5 (N.D. Tex. Apr. 17, 2012) (Boyle, J.); *DeFranceschi v. Wells Fargo Bank, N.A.*, ___ F.Supp.2d ___, 2011 WL 3875338, at *5 (N.D. Tex. Aug. 31, 2011) (Means, J.); *Eskridge v. Fed. Home Loan Mortg. Corp.*, 2011 WL 2163989, at * 5 (W.D. Tex. Feb. 24, 2011)).

And even if the court assumes, at least in the context of this case, that Texas law permits a borrower to challenge the assignment of its mortgage, Islamic has failed to plead sufficient facts to state a plausible claim that the note and deed of trust were not lawfully assigned to HSBC, as Ace's trustee. Islamic's allegations that the signature of Scott Anderson, who executed the assignment for MERS, "is known to be subject to forgery," and that the signature of Christina Castro, the notary public, "has the appearance of a robo-signature," are conclusory and do not permit the court to draw the reasonable inference that the assignment was "defective, fraudulent and/or forged." Pet. ¶¶ 11-12. Nor does Islamic's allegation that the signature of Rene Martinez "is known to be robo-signed and/or forged" state a plausible claim that the September 16, 2011 appointment of substitute trustee is likely "fraudulent and/or forged." *Id.* at ¶ 13. And Islamic's allegation that "the Deed of Trust and

Note were *purportedly transferred* to [Ace] approximately one year after the trust closed to transfers," *id.* at ¶ 11 (emphasis added), is facially speculative and conclusory.

C

In its response to defendants' motion, Islamic raises for the first time what is commonly known as the "split the note" theory. It argues that "MERS never held the Note, thus its assignment of the Deed of Trust to [Ace] separate from the Note has no force or effect." P. Resp. 7. But Islamic does not plead any facts in its state-court petition to support a plausible "split the note" theory. For example, it alleges that "the Deed of Trust *and Note* were allegedly assigned from [MERS] to [Ace]," Pet. ¶ 11 (emphasis added), and it challenges the various signatures on the alleged assignments. But Islamic does not allege that MERS failed, or was unauthorized, to assign the note when it assigned the deed of trust to Ace. Moreover, even had Islamic sufficiently alleged that the assignment of the deed of trust to Ace resulted in splitting the deed of trust from the note, this argument has been rejected by courts in this circuit. *See, e.g.*, *Garrett*, 2012 WL 1658796, at *2; *Cannon v. JPMorgan Chase Bank, N.A.*, 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011); *DeFranceschi*, 2011 WL 3875338, at *4; *Eskridge*, 2011 WL 2163989, at *5. This is because the "transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *Cannon*, 2011 WL 6838615, at *5 (quoting *DeFranceschi*, 2011 WL 3875338, at *4) (internal quotation marks

omitted).[4]  Accordingly, Islamic has failed to plead a plausible claim that the deed of trust

and note were split, rendering any attempted foreclosure defective.

IV

Defendants also move to dismiss Islamic's claim for a declaratory judgment.  Islamic

seeks a judgment under Texas law declaring that any attempt to foreclose pursuant to Tex.

Prop. Code Ann. § 51.001 *et seq.* (West 2007) "is an action to collect a debt, and therefore

the Defendant must produce the one and only wet-ink Original Promissory Note allegedly

signed by the Plaintiff for inspection by the Plaintiff and/or its document examiner prior to

proceeding with any foreclosure proceedings."  Pet. ¶ 22.

Applying the federal Declaratory Judgment Act,[5] the court concludes that Islamic has

failed to state a plausible claim because a party seeking to foreclose on property is not

required, under Texas law, to produce the original "wet-ink" note.  *Puig*, 2012 WL 1835721,

---

[4]Under Texas law, where "MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust," and MERS assigns the deed of trust, "the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage."  *Wiley v. U.S. Bank., N.A.*, 2012 WL 1945614, at *4 (N.D. Tex. May 30, 2012) (Boyle, J.) (quoting *Eskridge*, 2011 WL 2163989, at * 5) (internal quotation marks omitted).  Because neither party has included the language used in the deed of trust, the court expresses no opinion on whether the deed of trust designates MERS as both beneficiary and nominee for the lender.

[5]"When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202."  *Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.)).

at *5.[6]

V

Although the court is dismissing Islamic's claims, it will permit Islamic to replead. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") (internal quotation marks and citation omitted).  Because Islamic has not stated that it cannot, or is unwilling to, cure the defects that the court has identified, the court grants Islamic 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

\*   \*   \*

For the reasons explained, the court grants defendants' April 17, 2012 motion to dismiss under Rule 12(b)(6) and grants Islamic 30 days from the date this memorandum opinion and order is filed to file an amended complaint.

**SO ORDERED.**

June 15, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[6]Because all of Islamic's claims fail, its request for injunctive relief fails as well. Accordingly, the court need not separately consider this request.